## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Task Force Officer Matthew Morrissey, being sworn, depose and state as follows in support of my application for a complaint charging that, on or about September 1, 2025, in Boston, Massachusetts, JACOB KLAPMAN (hereinafter "KLAPMAN") did possess with intent to distribute controlled substances, specifically, 40 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and (b)(1)(B)(ii).

## INTRODUCTION

1.      I am a Massachusetts State Police Officer. I have been so employed since March 2012. Prior to my State Police employment, I was employed as a Town of Milton Police Officer for approximately 6 years, serving as both a patrolman and a narcotics investigator. During my 13 years as a State Police Officer, I have been assigned to both the Uniformed Branch and the Division of Investigative Services. Presently, I am assigned to the Commonwealth Interstate Narcotics Reduction Enforcement Team ("CINRET"). My duties include but are not limited to the investigation of narcotics violations and offenses. Prior to this assignment I was assigned to the Plymouth County District Attorney's Office, Narcotics Unit. I have been involved in numerous narcotics arrests and investigations. I have attended the Massachusetts Top Gun Undercover Narcotics School. I have had the opportunity to work with and be trained by more experienced officers in the investigation of major narcotics organizations. On July 31, 2025, I was sworn in as a Task Force Officer with the Federal Bureau of Investigation ("FBI"). I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), that is,

an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in 18 U.S.C. § 2516.

2.      While performing my duties as a State Police Trooper, I have assisted in various aspects of narcotics investigations including undercover purchases, controlled purchases, court-ordered electronic monitoring, and surveillance. I have also written and/or participated in the execution of numerous search warrants resulting in the seizure of large quantities of controlled substances and paraphernalia involved in the manufacture and distribution of controlled substances, United States currency, records of narcotics and monetary transactions, drug customer lists and other documents relating to the manufacturing, transportation, ordering, purchasing and distribution of controlled substances, as well as the collection, expenditure, accounting, transportation, and laundering of drug proceeds.

3.      Based upon my training and experience, I am familiar with the methods of operation employed by narcotics traffickers operating at the local, state, national, and international levels, including those involving the distribution, storage, and transportation of narcotics and the collection of monies that constitute the proceeds of narcotics trafficking activities.  I am aware that drug traffickers commonly use cellular telephones in furtherance of their drug trafficking activities and frequently change cellular telephone numbers and cellular telephones in an effort to thwart law enforcement's use of electronic surveillance.  I am also aware that narcotics traffickers speak in vague, guarded, or coded language when discussing their illegal activities, use text messages in lieu of phone calls to avoid speaking over the telephone, and employ a variety of counter-surveillance techniques to detect if their vehicles are being followed by law enforcement.

4.      The information contained in this affidavit is based on my own investigation, oral and written reports by other law enforcement officers, physical surveillance, and other sources.

The word "agent" or "investigator" is used in this affidavit for all federal, state, and local law enforcement officers. The dates and times in this affidavit are approximate. Because this affidavit is submitted for the limited purpose of supporting the issuance of a criminal complaint and arrest warrant for KLAPMAN, I have not set forth every fact learned during the investigation or recounted every investigative technique employed. Rather, I am only setting forth information necessary to support probable cause for the issuance of a complaint.

## **PROBABLE CAUSE**

5.      During the month of July 2025, investigators assigned to CINRET South, the FBI Metro Boston Gang Task Force ("MBGTF") and the Brockton Police Department identified KLAPMAN as an individual distributing fentanyl and/or cocaine throughout the city of Brockton, Massachusetts and surrounding communities. KLAPMAN currently has an open case in Plymouth Superior Court charging Trafficking 200+ Grams of Cocaine. In that offense, in August 2021, investigators observed KLAPMAN, a passenger in a motor vehicle driven by his mother, toss an object into a second vehicle as they passed each other on a road in Brockton. Investigators stopped the second vehicle and recovered a bag containing approximately 250 grams of cocaine from the driver. Investigators also discovered approximately $27,992 in cash in the second vehicle. KLAPMAN's criminal record is summarized as follows:

   a.  Taunton Juvenile Court #YO08T0008-10 – KLAPMAN was indicted as a Youthful Offender on or about June 26, 2008 for Assault & Battery with a Dangerous Weapon, Armed Assault with Intent to Kill, and Assault to Maim. He was convicted of Assault & Battery with a Dangerous Weapon and committed to DYS custody.

   b.  Brockton District Court #1115CR1112 – KLAPMAN was charged on or about February 28, 2011 with Carrying a Firearm, Possession of a Firearm without FID Card, Possession of a Large Capacity Weapon or Feeding Device, Possession with Intent to Distribute Class B Crack Cocaine, and Carrying a Loaded Firearm. This case was ultimately dismissed after a motion to suppress was allowed.

c. Plymouth Superior Court #1383CR00173 – KLAPMAN was indicted on or about May 7, 2013 for Possession of a Firearm and Ammunition as an Armed Career Criminal and Carrying a Loaded Firearm. He was convicted of Carrying a Firearm and sentenced to 2.5 to 3 years in state prison.

d. Brockton District Court #1415CR0771 – KLAPMAN was charged on or about March 27, 2014 with Leaving the Scene of Property Damage. This case was ultimately dismissed following a motion to dismiss and was scheduled for a show cause hearing.

e. Plymouth Superior Court #1483CR00803 – KLAPMAN was indicted on or about January 5, 2015 for Armed Robbery, Assault & Battery with a Dangerous Weapon, Possession of a Firearm and Ammunition as an Armed Career Criminal, Possession of a Firearm in a Felony, and Discharging a Firearm within 500 Feet of a Building. He was convicted of Armed Robbery, Assault & Battery with a Dangerous Weapon, and Possession of a Firearm and Ammunition as an Armed Career Criminal and sentenced to 5 to 5.5 years in state prison.

f. Dedham District Court #2054CR0211 – KLAPMAN was charged on or about February 10, 2020 with Operating Under the Influence of Liquor. He admitted sufficient facts and received a CWOF, which was later revoked, and he was sentenced to 76 days in the House of Correction.

g. Brockton District Court #2015CR2395 – KLAPMAN was charged on or about August 31, 2020 with Operating on a Suspended License and Operating Recklessly. He was convicted and sentenced to 58 days in the House of Correction.

h. Brockton District Court #2115CR0630 – KLAPMAN was charged on or about March 1, 2021 with Operating Under the Influence of Liquor, Negligent Operation, and Leaving the Scene of Property Damage. He was convicted of Operating Under the Influence of Liquor and sentenced to 150 days in the House of Correction.

i. Quincy District Court #2156CR1235 – KLAPMAN was charged on or about July 13, 2021 with Operating on a Suspended License. This case was dismissed upon the payment of court costs.

j. Plymouth Superior Court #2183CR00398 – KLAPMAN was indicted on or about January 14, 2022 for Trafficking in 200+ Grams of Cocaine, Possession of a Firearm and Ammunition as an Armed Career Criminal, and Possession of a Firearm in a Felony. The firearm charges were ultimate nolle prosequi'd by the Commonwealth after a motion to suppress was allowed. The charge of Trafficking in 200+ Grams of Cocaine is still pending as of this writing.

k. Brockton District Court #2415CR0300 – KLAPMAN was charged on or about

March 7, 2024 with Operating on a Suspended License. This case was dismissed upon the payment of court costs.

6.      During the month of August 2025, I sought and received federal court warrants to attach a GPS tracking device to KLAPMAN's rental vehicles (#25-mj-6364-MPK; 25-mj-6388-MPK). Investigators conducted surveillance on KLAPMAN and his vehicles during the month of August, both physically and by monitoring the GPS tracking device.

7.      On August 20, 2025, I sought and received federal search warrants for Jacob KLAPMAN's person and a Ford Escape rental vehicle (#25-mj-6370-MPK; 25-mj-6371-MPK). On August 25, 2025, I sought and received a federal search warrant for KLAPMAN's current rental vehicle, a gray Hyundai Elantra bearing Massachusetts registration 5LCW45 (#25-mj-6389-MPK), after the Ford Escape was returned to the rental company and exchanged for this vehicle.

8.      On Monday, September 1, 2025 at approximately 9:45 p.m., investigators executed the search warrants on KLAPMAN and the Hyundai Elantra. Investigators observed the Hyundai Elantra pulling into the parking lot that serves KLAPMAN's residence at 1220 Adams Street in Dorchester, MA. Investigators observed KLAPMAN exit the Hyundai Elantra with a large reusable shopping bag in his right hand and begin walking in the direction of his apartment building.

9.      At that time, investigators approached on foot and attempted to make contact with KLAPMAN in the parking lot. Investigators identified themselves as police officers and told KLAPMAN to stay where he was. KLAPMAN fled north on foot through the parking lot. Investigators maintained sight of KLAPMAN, and he was never able to get more than ten feet from investigators. KLAPMAN attempted to throw the shopping bag over a chain-link fence that ran the length of the parking lot. After throwing the bag, KLAPMAN was detained and brought to the ground. KLAPMAN scraped his right knee and leg during the arrest but declined medical

treatment. Items from the bag fell out of the bag on both sides of the fence, in the same area where KLAPMAN was detained.

10.     Investigators seized the shopping bag and items from the bag, including three cellular phones and an open shipping box containing a package of approximately 1,092 grams of suspected cocaine and a package of approximately 99 grams of suspected fentanyl. A photograph of the open shipping box and suspected narcotics follows:



11.     Both packages of suspected narcotics were transported to an FBI office, where they were weighed and field-tested using a TruNarc Raman Spectrometer. The clear plastic bag containing the white powder weighed approximately 99.97 grams and tested positive for the presumptive presence of fentanyl. The brick-shaped item weighed approximately 1,092.90 grams and tested positive for the presumptive presence of Cocaine HCL. Investigators placed the items into evidence packaging and into a secure facility. The items will be sent to the Drug Enforcement Agency ("DEA") Northeast Laboratory for further analysis.

12.     Based upon my training and experience, all the facts and circumstances of this case suggest that KLAPMAN had the intent to distribute the recovered fentanyl and cocaine. This quantity of narcotics far exceeds what anyone would ordinarily keep for his own personal use. The manner of packaging of the cocaine in particular is characteristic of how kilogram "bricks" are often delivered from drug manufacturers for redistribution by traffickers.

13.     KLAPMAN was arrested and transported to the South Boston State Police barracks for booking on state charges of Trafficking in Fentanyl and Cocaine. He is presently held in state custody.

## CONCLUSION

14.     Based on all of the foregoing, there is probable cause to believe that, on or about September 1, 2025, JACOB KLAPMAN possessed with intent to distribute controlled substances, specifically, 40 grams or more of a mixture and substance containing fentanyl, a Schedule II controlled substance, and 500 grams or more of a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and (b)(1)(B)(ii).

Attested to under the pains and penalties of perjury by telephone in accordance with Fed.

R. Crim. P. 4.1 on September ___3___, 2025.

/s/ Matthew Morrissey
_____
Matthew Morrissey
Task Force Officer

Electronically sworn to and subscribed telephonically in accordance with Federal Rule of

Criminal Procedure 4.1 on September ___3___, 2025.

_____
HONORABLE M. PAGE KELLEY
UNITED STATES MAGISTRATE JUDGE